IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2018 MAR -8  PH 2: 47

[stamp] DISTRICT COURT
DISTRICT OF TEXAS

BY _____
                DEPUTY

| | |
|---|---|
| ZULMA Y. MUÑIZ, § | |
| § | |
| **Plaintiff** § | |
| § | |
| **v.** § | NO. EP-15-CV-336-MAT |
| § | |
| NANCY A. BERRYHILL,[1] § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION § | |
| § | |
| **Defendant** § | |

## OPINION

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Zulma Y. Muñiz ("Muñiz") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Muñiz was thirty-one years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (R. 35).[2] She graduated from the 12th grade and has worked at several different jobs, including as a shipping and receiving clerk for approximately three months, a customer service representative for about a year, and an unarmed security guard for around a year. (R. 33,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.
[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

39-41). Muñiz filed an application for DIB on May 14, 2012, in which she alleged disability beginning January 1, 2011,[3] due to herniated discs. (R. 122-25, 158). After her application was denied initially and upon reconsideration, Muñiz requested a hearing. (R. 65-76). On August 9, 2014, a hearing was conducted before the ALJ. (R. 29-62). On June 26, 2014, the ALJ issued a written decision denying benefits on the ground that Muñiz was capable of performing past relevant work. (R. 14-24). On September 18, 2015, the Appeals Council denied Muñiz's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-5).

In her written opinion, the ALJ found that Muñiz's herniated lumbar disc, status-post fusion surgery constituted a severe medically determinable impairment, but that her cervical spine impairment was non-severe. (16-17). The ALJ determined that Muñiz had the residual functional capacity ("RFC") to perform a wide range of light work as defined in 20 C.F.R. § 404.1567(b); specifically, she was able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. (R. 18). Muñiz now argues that the ALJ erred in finding her cervical spine impairment non-severe. (Pl.'s Brief, ECF No. 22, at 2).

## II. DISCUSSION

### A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant

---

[3] The alleged onset date was amended to May 14, 2012, during the hearing. (R. 33).

evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). If the Commissioner applied the proper legal standards and the findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. ANALYSIS OF MUÑIZ'S CLAIM

Muñiz has the burden of proving her disability by establishing a physical or mental impairment. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted). The mere presence of an impairment is not disabling per se. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Muñiz must show that she was so functionally impaired by her condition that she was precluded from engaging in any substantial gainful activity. *Id.* "It is important to note that the test for disability under the Social Security Act is not satisfied merely because Plaintiff cannot work without some pain or discomfort." *Id.* at 166.

Muñiz's sole claim is that the ALJ erred in finding her cervical impairment non-severe. An August 1, 2012, cervical spine MRI revealed "small to moderate" herniation at the C3-C4

3

discs and "mild degeneration and slight bulging" of the C2-C3 and C5-C6 discs. (R. 355). In a medical source statement from May 2, 2013, Mustafa M. Moazam, M.D.,[4] opined that Muñiz had limitations lifting, carrying, pushing, and pulling with her upper extremities, and also that her ability to finger and feel was limited due to cervical disc herniation.[5] (429-32). During examinations on May 2, May 22, and June 4 of 2013, Dr. Moazam diagnosed cervical disc herniation and noted an impression of neck pain after lifting heavy objects and numbness in her arms. (R. 481, 487, 492).

The ALJ appropriately afforded Dr. Moazam's May 2, 2013, report little weight based on the treatment notes in subsequent medical records. (R. 21). During a follow-up appointment to a back surgery on September 3, 2013, Helson Pacheco-Serrant, M.D., remarked that Muñiz "is doing excellently well" with "no acute deficits." (R. 706). Subsequently, on November 14, 2013, Dr. Pacheco-Serrant noted that although Muñiz suffered neck and back pain at that time, she reported only "occasional radiation to the upper and lower extremities [and] feels better than before the surgery." (R. 704). Dr. Moazam's examination reports from January 10, 2014, and March 24, 2014, do not indicate that Muñiz complained of neck pain or any associated limitations, and also note that she had normal sensation and reflexes in her upper extremities with 5/5 motor strength and fully intact muscle tone. (R. 457-66).

Moreover, the ALJ properly took into consideration perceived inconsistencies between Muñiz's daily activities and her statements concerning the intensity, persistence, and limiting effects of her cervical impairment. See Leggett v. Chater, 67 F.3d 558, 565 n. 12 (5th Cir. 1995)

---

[4] Dr. Moazam is a treating physician who has seen Muñiz several times over the years. (R. 456-92).

[5] In a December 5, 2013, physician statement, Dr. Rafael Armendariz asserted that Muñiz was permanently disabled. (R. 513). The ALJ properly afforded this finding no weight because it was unsupported by activity restrictions or substantive treatment notes beyond naming the alleged disabilities, and also because the determination of disability is reserved for the Commissioner. (R. 21); Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003) (explaining that a disability determination by a treating physician has no special significance because a finding of disability is a legal conclusion reserved to the Commissioner).

("It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status.") (citation omitted). In her Function Report dated September 14, 2012, Muñiz reported that she was able to bathe, dress, and take her daughter to school, do dishes and laundry, drive, shop, and attend church weekly. (R. 190-197). During the hearing, Muñiz testified that she was an honors student taking four courses at El Paso Community College, albeit with accommodations. (R. 35-36, 49-50). The ALJ reasonably concluded that Muñiz's alleged limitations resulting from her cervical spine impairment were inconsistent with her self-reported daily activities.

Several medical records from doctor visits occurring in 2013 and 2014 do not include any evidence of contemporaneous complaints or physical manifestations of neck pain or associated limitations, or indicate that Muñiz complained of only occasional radiation of pain or numbness to her extremities. Furthermore, a reasonable observer could conclude that Muñiz's self-reported daily activities were inconsistent with her alleged limitations. The medical records and Muñiz's daily activities constitute substantial evidence supporting the ALJ's finding that Muñiz's cervical spine impairment was non-severe. Accordingly, the Court affirms the ALJ's decision.

### III.    CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.
**SIGNED** and **ENTERED** this _____ day of March, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE